# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RANDY HOLYFIELD, )  )  Petitioner, )  vs. )  )  SUPERINTENDENT, Edinburgh )   Correctional Facility, )  )  Respondent. ) | 1:11-cv-1067-JMS-DKL |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Randy Holyfield ("Holyfield") for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## The Petition for Writ of Habeas Corpus

I. Nature of the Case

Holyfield seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

II. Parties

Holyfield is on parole from a state sentence imposed in Marion County, Indiana. The respondent is Holyfield's custodian, a parole supervisor, sued in her official capacity as a representative of the State of Indiana.

III. Procedural Background

Holyfield was sentenced on January 5, 2010, in Marion County, Indiana following his conviction for domestic battery. On November 19, 2010, the trial court revoked less severe components of Holyfield's sentence and ordered him to serve the

remainder of his sentence, a period of 447 days, in the custody of the Indiana Department of Correction. There was no appeal taken from this revocation or from the determination concerning the length of time remaining on his sentence.

In February 2011, Holyfield filed a motion for jail time credit. This motion was denied on the day it was filed. No appeal followed. In July 2011, Holyfield filed a motion to correct erroneous sentence. That motion was denied. No appeal followed. This action for habeas corpus relief was then filed on August 5, 2011.

Holyfield's claim in this action is that the trial court's determination concerning the 447 day period remaining on his sentence was erroneous. The respondent has filed an answer to the court's order to show cause. Holyfield has not replied. The record has been appropriately expanded and the action is ripe for decision.

IV. Applicable Law

W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id.*

Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's "*actual* and substantial disadvantage"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.,* a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted).

V. Analysis

Holyfield never presented a challenge to the 447-day determination to the Indiana appellate courts. Certainly his principal opportunity to do so was when it was first made. Whether such a challenge would have been procedurally proper after the denial of the motion for jail time credit and thereafter the denial of Holyfield's motion to correct erroneous sentence is doubtful, but in any event

**Holyfield did not make the effort. So here, as well, he has made no effort to overcome the consequences of his procedural default. He is therefore barred from proceeding further and this court is barred from considering the merits of his federal habeas claim.**

**VI. Conclusion**

**"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court."** *Keeney v. Tamayo-Reyes,* **112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). One of these is the doctrine of procedural default. That is the barrier Holyfield faces here, and he has failed to overcome that barrier. His habeas petition must therefore be denied.**

**Judgment consistent with this Entry shall now issue.**

### Certificate of Appealability

**Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the** *Rules Governing § 2254* **proceedings, and 28 U.S.C. § 2253(c), the court finds that Holyfield has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling[s]."** *Slack v. McDaniel,* **529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.**

**IT IS SO ORDERED**.

Date: _02/16/2012_____

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana